

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0993-25

## JAMES RUSSELL SMITH, Appellant

## V.

## THE STATE OF TEXAS

## ON APPELLANT'S PETITION
## FOR DISCRETIONARY REVIEW
## FROM THE BEAUMONT COURT OF APPEALS
## JEFFERSON COUNTY

*Per curiam.*

## OPINION

Appellant was convicted and judgment entered on October 23, 2024.

Appellant's appellate counsel filed an *Anders* brief. *Anders v. California*, 386 U.S. 738 (1967). Pro se appellant filed a motion for an extension of time to file a pro se

response to the *Anders* brief and he requested access to the record.  A couple of weeks later, pro se appellant filed a second motion for extension of time and a separate motion for access to a copy of the record.

A week later, presumably at the behest of the court of appeals,  appellate counsel filed a copy of a letter dated December 23, 2024, from appellate counsel to appellant stating that he was enclosing "a copy of your records via USB." The letter appears to have been sent by regular mail to appellant at the county detention center.

Pro se appellant subsequently filed a brief in the court of appeals. None of his complaints raise matters that were based on a reporter's record, although he refers to certain clerk's record items such as the docket sheet and the indictment. Pro se appellant also filed a belated supplemental memorandum in support of his appellate brief in which he stated that "to this date no copy of the trial transcript has been made available to the appellant" and further said that he had been "forced to submit his appeal brief without the aid of the trial transcript."

Nine days later, the court of appeals issued an opinion, stating that it had reviewed the entire record, the *Anders* brief, and pro se appellant's brief, and had determined that there was nothing that would arguably support an appeal. *Smith v.*

*State*, No. 09-24-00378-CR slip op. (Tex. App.–Beaumont Oct. 8, 2025)(not designated for publication). The court granted appellate counsel's motion to withdraw on the same date.

Pro se appellant filed a motion for rehearing in which he alleged in part that he was never provided access to the trial transcript and was "forced to submit a pro se appeal brief without the aid of a trial transcript." He claimed that he requested access from appellate counsel, the trial court, and the clerk of the court of appeals, but that "to this date he has not received a copy of the transcript." The court of appeals denied the rehearing motion.

Appellant has now filed a petition for discretionary review in which he continues to assert that he never received a copy of the trial transcript. Based on this record, we have no assurance that appellant received access to the record. Even if counsel's letter arrived at the county jail via regular mail and was delivered by the mail room to appellant, there is no indication that appellant had access to a computer by which to access the USB data.

It is the duty of the court of appeals, after an appointed attorney has filed an *Anders* brief, to ensure that the indigent appellant has access to the appellate record in order to file a response. *Kelly v. State*, 436 S.W.3d 313, 320 (Tex. Crim. App.

2014). The Court has been explicit about the required process:

> Once the appellant has filed his motion to make the appellate record available with the court of appeals, we think that the onus should shift to the court of appeals to ensure that, one way or another, this request is satisfied. Moreover, the appellate court may not rule on the motion to withdraw and the validity of the *Anders* brief until the appellant has been given access to, and an adequate opportunity to review, the appellate record. This, we think, is the optimal way to ensure that the indigent pro se appellant's right to review the appellate record in order to respond to appellate counsel's *Anders* briefs is honored.

>         \*               \*             \*

> Our only requirement is that, upon receipt of the appellant's motion for pro se access to the appellate record, the court of appeals enter a formal written order specifying the procedure to be followed in the particular case, sending copies of that order to the appellant, his appellate counsel, the State, the trial court, and the trial court's clerk, so that all interested parties are on the same page.[fn] The order should also require the entity who is designated to arrange the appellant's access to the record (be that the appellate counsel, the trial court, or the trial court's clerk) to report to the court of appeals, in writing, when the record has been made available to the appellant so that it can then set a firm date for the appellant to file his response to the *Anders* brief, as well as a date for the State's response, if any. The court of appeals then must continue to monitor the situation and may not, in any event, rule on the validity of appellate counsel's motion to withdraw and *Anders* brief until it has satisfied itself that the appellant has been able to access the appellate record to prepare his response, in keeping with its order.

*Id.* at 320-22.

The court of appeals' apparent reliance on the letter from counsel fell far

short of these dictates, particularly in light of appellant's consistent and continued claim that he never received access to the record. Although the court has already issued an opinion based on the *Anders* brief and allowed counsel to withdraw, it must rectify the situation in accordance with *Kelly*, to the extent that it is able.

We grant grounds (1) and (2) of appellant's petition, vacate the judgment of the court of appeals, and remand this cause to the court of appeals for further proceedings consistent with *Kelly*. Grounds (3) through (6) are refused without prejudice.

DELIVERED: April 16, 2026
PUBLISH